Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 21 2014, 10:06 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA RAIMAN**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

FREDRICK DABNER, )
                )
       Appellant-Defendant, )
                )
          vs. )      No. 03A01-1402-CR-91
                )
STATE OF INDIANA, )
                )
       Appellee-Plaintiff. )

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable James D. Worton, Judge
Cause No. 03D01-1310-FD-5609

**October 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Fredrick Dabner appeals his sentence for Class D felony strangulation. We affirm.

**Issues**

Dabner raises two issues, which we restate as:

I.      whether the trial court entered an adequate sentencing statement; and

II.     whether the sentence is inappropriate.

**Facts**

On October 16, 2013, Dabner's wife arrived home from work and found Dabner extremely intoxicated. He started a fight with her and ended up straddling her body with his legs. He then began to swing his arms at her, and she blocked her face from his attack. Dabner then placed his hands around her neck, making it difficult for her to breathe. The State charged Dabner with Class D felony strangulation and Class A misdemeanor domestic battery. Dabner pled guilty to Class D felony strangulation, and the State dismissed the domestic battery charge.

At the sentencing hearing, the trial court found two aggravators: Dabner's criminal history and the nature of the case. The trial court considered Dabner's guilty plea and his remorse but found that neither was a significant mitigating factor. The trial court found that the aggravating factors outweighed the mitigating factors. The trial court sentenced Dabner to two and one-half years in the Department of Correction. Dabner filed a motion

to correct error, which the trial court granted in part regarding a fine it had imposed. Dabner now appeals.

## Analysis

### I. Sentencing Statement

Dabner argues that the trial court failed to enter a proper sentencing statement. Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

According to Dabner, the trial court failed to enter a sentencing statement that explained its reasons for imposing the sentence. Dabner argues that the trial court's sentencing order "does not contain any explanation of the reasons for the sentence, nor does it identify any aggravating or mitigating circumstances." Appellant's Br. p. 6. Dabner seems to be referring to the trial court's written sentencing order. However, "[t]he approach employed by Indiana appellate courts in reviewing sentences in non-

3

capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court." McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007). At the sentencing hearing, the trial court gave a thorough oral explanation for the sentence that it imposed. The trial court discussed the aggravating factors, the mitigating factors, and why the mitigating factors were of little weight. We conclude that the trial court's sentencing statement was adequate.

## II. Inappropriate

Dabner argues that his sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

4

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Dabner was extremely intoxicated and started a fight with his wife. He then straddled her and proceeded to hit and strangle her. A review of the character of the offender reveals that twenty-eight-year-old Dabner has a significant criminal history. He has adult convictions for Class A misdemeanor carrying a handgun without a license in 2004, Class C misdemeanor illegal consumption of alcohol in 2004, Class A misdemeanor trespass in 2005, Class B misdemeanor criminal mischief in 2005, Class A misdemeanor battery in 2004, Class B misdemeanor false informing in 2005, Class C misdemeanor operating a vehicle without a license in 2009, Class B misdemeanor false informing in 2009, Class A misdemeanor criminal mischief in 2007, Class A misdemeanor operating a vehicle while intoxicated in 2008, Class A misdemeanor resisting law enforcement in 2010, Class B misdemeanor disorderly conduct in 2012, and Class A misdemeanor invasion of privacy in 2012. In 2010, Dabner entered into a pretrial diversion agreement regarding a Class A misdemeanor check deception charge. Dabner has been sentenced to probation numerous times, and he has violated his probation many times.

5

Dabner argues that his criminal history is "too remote in time and nature to support an aggravated sentence." Appellant's Br. p. 8. We disagree. Dabner's criminal history is extensive, particularly given his age, and demonstrates a significant substance abuse problem. His current offense was also related to his substance abuse. Despite numerous opportunities, Dabner failed to address his drinking problem. We agree with the State that Dabner's criminal history is not "remote"; rather, it is "persistent." Appellee's Br. p. 12. Given Dabner's criminal history and failure to address his substance abuse, the sentence imposed by the trial court is not inappropriate.

## Conclusion

The trial court's sentencing statement was adequate, and the sentence imposed was not inappropriate. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.